UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MICHAEL R. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>NURSE CRISS,<br>B. OHAM, and<br>KNOX COUNTY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)   No.:   3:23-CV-160-TAV-JEM<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, a prisoner housed in the Knox County Jail, has filed a pro se civil rights action against Defendants under 42 U.S.C. 1983 [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, the Court will grant Plaintiff's motion to proceed as a pauper and dismiss this action for failure to state a claim upon which §1983 relief may be granted.

### I.    MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion to proceed *in forma pauperis* [Doc. 4] that he lacks the financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of

Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined.  The Clerk will also be **DIRECTED** to furnish a copy of this Memorandum and Order to the Court's financial deputy.  This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Thus, to survive an initial review

under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

B.    **Allegations of Complaint**

On February 7, 2023, during his mandatory physical at the Knox County Jail, Plaintiff asked medical to place him back on his mental health medications [Doc. 1, p. 4-5]. On February 14, 2023, Plaintiff learned that his inmate account was charged $10.00 for the medical visit and medications [*Id*. at 4]. On February 21, 2023, Plaintiff was charged with a $15.00 fee for the same February 7 visit [*Id*.]. When Plaintiff inquired about

3

Case 3:23-cv-00160-TAV-JEM    Document 5    Filed 05/25/23    Page 3 of 8    PageID #: 47

the charges, he was told that he was charged for the visit and his medications, which were "five bucks each" [*Id.*].

Plaintiff concedes that the Knox County Jail's inmate handbook provides that inmates will be charged a nominal fee for medical services but maintains that "nominal" is vague language, and the handbook does not advise inmates of the actual fee [*Id.*]. He also notes that the handbook states that there is no charge to inmates for mandatory physical examinations upon intake, which is ostensibly the service he received on February 7, 2023 [*Id*. at 4-5]. Finally, he maintains that the handbook requires the medical department to notify inmates of medication charges at the time services are rendered but contends that he was never advised of what he would be charged for requesting to be placed on mental health medications [*Id*. at 5].

Aggrieved by these circumstances, Plaintiff asks the Court to require Knox County to change its handbook to list the actual cost of medical services and to refund the money taken from his account for medical care [*Id*. at 6].

C.      **Analysis**

Plaintiff has named both B. Oham and Nurse Criss as individual Defendants in this action [*See, generally*, Doc. 1]. However, to state a claim against these Defendants in their respective individual capacities, Plaintiff must adequately plead that each Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of

federal rights" to state a claim upon which relief may be granted). This requirement exists because constitutional liability cannot attach to a Defendant solely based on his or her position of authority. *See Iqbal*, 556 U.S. at 676 ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed merely because a defendant "employs a tortfeasor"). Plaintiff's complaint contains no factual allegations against Defendants B. Oham or Nurse Criss, and therefore, these Defendants will be dismissed for Plaintiff's failure to allege facts to allow the Court to plausibly infer that either Defendant violated his constitutional rights.

Therefore, the Court considers Plaintiff's allegations against the remaining Defendant, Knox County. To maintain a claim against this Defendant, Plaintiff must allege facts from which this Court could infer that his constitutional rights were violated because of an unconstitutional policy or custom of Knox County itself. *See Monell*, 436 U.S. at 708 (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of its official policies or established customs").

It is well-settled that an inmate has a due process interest in his prison trust fund account. *See, e.g., Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997). However, a policy requiring inmates to pay for medical services with available funds does not violate

5

Case 3:23-cv-00160-TAV-JEM    Document 5    Filed 05/25/23    Page 5 of 8    PageID #: 49

an inmate's constitutional rights. *See White v. Corr. Med. Servs.*, 94 F. App'x 262, 264 (6th Cir. 2004) (finding "it is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay"); *Bailey v. Carter*, 15 F. App'x 245, 2001 WL 845446 (6th Cir. July 20, 2001) (holding policy requiring payment for medical services, where funds are available, does not violate an inmate's constitutional rights). Here, Plaintiff received medical services and medications in exchange for the fee he was charged. Therefore, he suffered no constitutional "deprivation" that would implicate due process protections. *See Bailey*, 15 F. App'x at 251 (holding inmate not deprived of property where copayment is deducted from account in exchange for medical services). This conclusion is not altered by Plaintiff's allegation that Defendant Knox County has failed to follow its handbook policies, as institutional policy directives do not create a constitutionally protected interest. *See, e.g., McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (holding failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest).

      Finally, even if the Court were to find that Knox County has deprived Plaintiff of his personal property, the United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is not violated when a State employee randomly deprives an individual of property, provided that the State makes available a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981)*, overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *see also Hudson v. Palmer*, 468 U.S.

517, 533 (1984) (extending *Parratt*'s holding to intentional deprivations of property). Plaintiff has not pled that Tennessee's post-deprivation procedures are inadequate for redressing the alleged wrongs as is necessary to sustain his § 1983 claim. *See Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). Additionally, the Court notes that Tennessee law provides for the recovery of personal property. *See McQuiston v. Ward*, No. 2001-201-COA-R3-CV, 2001 WL 839037, at * 1 (Tenn. Ct. App. July 25, 2001) (citing to Tenn. Code. Ann. § 29-30-101 and § 29-30-201). Plaintiff has not shown that these State remedies are inadequate, and therefore, he has not stated a claim that would entitle him to relief under § 1983 for the deprivation of funds from his inmate account.

## III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] is **GRANTED**;

2. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

3. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

4. Even liberally construing the complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under § 1983;

5. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

8

Case 3:23-cv-00160-TAV-JEM   Document 5   Filed 05/25/23   Page 8 of 8   PageID #: 52